UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TIFFANY MARIE GERALD, | Civil Action No.: 17-12850 |
| | Honorable Arthur J. Tarnow |
| Plaintiff | Magistrate Judge Elizabeth A. Stafford |
| v. | |
| NICO HURD, *et al.*, | |
| Defendants. | |

_____/

**REPORT AND RECOMMENDATION
TO DENY PLAINTIFF'S MOTION FOR SANCTIONS [ECF NO. 32]**

**I.   Introduction**

Plaintiff Tiffany Marie Gerald filed a motion for sanctions against defendants, who include the city of Detroit, and Detroit Police Officers Nico Hurd, Samuel Pionessa, and Samuel Galloway.  [ECF No. 32].  Defendants responded, and the Court held a hearing on July 19, 2018.  [ECF No. 34]. The Court recommends that Gerald's motion be denied.[1]

---

[1] The Honorable Arthur J. Tarnow referred the motion to the undersigned for hearing and determination, [ECF No. 37], but Gerald's motion requests entry of default against defendants, [ECF No. 32, PageID.382], and the Court confirmed at the hearing that default is the only relief Gerald requests.  Some courts would find that the Court's decision that default should be denied renders this motion nondispositive, but the "safer course" is to treat the motion as dispositive, and to issue a report and recommendation under 28 U.S.C. § 636(b)(1)(B).  *Hollingsworth v. Daley*,

## II. Background

In August 2017, Gerald filed a civil rights complaint arising out of a search of her home and the killing of her dog during the search. [ECF No. 1]. She alleges that Galloway lied in the search warrant affidavit, deeming the subsequent search of her home unlawful. [*Id.*, PageID.4]. Gerald accuses Galloway of believing that he is permitted to kill dogs even if they pose no imminent threat. [*Id.*, PageID.5-6]. And she asserts that the City is liable for Galloway's actions under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). "This deliberate indifference and inaction by the City of Detroit is a direct and proximate cause of Defendant Galloway murdering Plaintiff's dog." [ECF No. 1*,* PageID.6]. Gerald's complaint continues, "Defendant City of Detroit does not have an adequate training program to train its officers when it is appropriate to kill dogs during a search of a home." [Id., PageID.12].

Originally, the discovery cutoff in this case was February 15, 2018, the discovery motion deadline was January 16, 2018, and the dispositive

---

No. 2:15-CV-36-WOB-REW, 2016 WL 2354797, at *3 (E.D. Ky. Mar. 21, 2016), *adopted* 2016 WL 1737956 (E.D. Ky. May 2, 2016). *See also Provience v. City of Detroit*, No. 10-11719, 2011 WL 7445088, at *2, n. 1 (E.D. Mich. Nov. 28, 2011), *adopted,* 2012 WL 683378 (E.D. Mich. Mar. 2, 2012)

2

motion cutoff was March 15, 2018. [ECF No. 20]. Gerald did not serve defendants with discovery requests until January 26, 2018, three weeks before the discovery cutoff. [ECF No. 24-2]. Defendants objected to answering the discovery requests because they were served so late, but the Honorable Arthur J. Tarnow granted in part Gerald's motion to compel, and extended the discovery and dispositive motion cut-off dates by 45 days. [ECF No. 26].

Defendants filed a motion for summary judgment on April 18, 2018, which is set for hearing on August 29, 2018. [ECF No. 31, 38]. Gerald filed her motion for sanctions on May 9, 2018, claiming that defendants violated discovery rules, and that the only appropriate sanction at this stage of the litigation is the entry of default against defendants. [ECF No. 32, PageID.381-83].

The Court disagrees.

### III. Analysis

#### A.

Gerald alleges that: (1) she did not discover until Galloway's April 12, 2018 deposition that Officer Johnny Fox accompanied Galloway during his surveillance of her house; (2) that Hurd refused to appear for his deposition on April 12, 2018, and that defendants were intentionally vague about the

3

fact that Hurd had been convicted of a felony on April 10, 2018; (3) that she did not learn that a "destruction of animals" (DOA) report regarding the killing of her dog existed until Pionessa's deposition on April 12, 2018, and did not receive a copy of the DOA until April 25, 2018; and (4) that defense counsel instructed Galloway not to answer multiple questions.  Gerald complains that she was prejudiced because, with discovery having concluded and defendants' motion for summary judgment having been filed, it is "too late to simply order compliance with the court rules."  [ECF No. 32, PageID.381].  She also asserts that she would have sought more discovery in support of her *Monell* claim based on Galloway's history of killing dogs if she had timely received a copy of the DOA.

Defendants acknowledged at the hearing that their initial disclosures should have identified Officer Fox and included a copy of the DOA.  *See* Federal Rule of Civil Procedure 26(a).  They also should have identified Fox in their answers to interrogatories, and produced the DOA in response to Gerald's request to produce all reports related to incident that is the subject of her complaint.  [ECF No. 32-1, PageID.394-95, 411-12, 418].  This case should serve as a reminder to defense counsel to exercise more care in assuring that the City's initial disclosures and discovery responses are complete.

4

But defendants attempted to cure any prejudice to Gerald, and she is primarily to blame for not getting the discovery at issue before the close of discovery and the filing of defendants' motion for summary judgment. On April 13, 2018, defense counsel proposed in an email that, "[i]n light of our struggles getting in touch with Nico Hurd," the parties agree to extend the dispositive motion deadline from April 29, 2018 to May 29, 2018, with discovery remaining open until that date. [ECF No. 34-14, PageID.957]. Defense counsel proposed four specific dates to take Hurd's deposition. [*Id.*]. He also indicated that, during the period of additional discovery, defendants would produce the DOA, and Pionessa and/or Galloway could be re-deposed "limited to questioning related to information not yet produced during discovery and those hypothetical scenarios we argued yesterday—pending a ruling from the Court." [*Id.*]. Defendants state that Gerald never responded to this email, and Gerald has not denied this claim or provided an explanation for her failure to respond.

In addition, Gerald's argument that she did not request discovery in support of her *Monell* claim because she had not received the DOA is nonsensical. Gerald's counsel did not specifically ask about the existence of the DOA until the April 12, 2018 deposition, but he acknowledged knowing that such forms are typically prepared after an officer kills a dog.

5

And Gerald's January 2018 interrogatories and requests for production of documents did not request any other discovery concerning Galloway's history of killing dogs or the City's response to those killings. [ECF No. 24-2].

Gerald's counsel said that he assumed that defendants' failure to include a DOA in their initial disclosures meant that none had been prepared after the killing of Gerald's dog, and that he believed that the City's failure to prepare a DOA would have been proof enough of its deliberate indifference. So Gerald's counsel's failure to request discovery to support Gerald's *Monell* claim was a strategic decision based on a questionable assumption. He also failed to respond to defense counsel's offer to stipulate to extend discovery so that he could follow up on the DOA once he received it. For these reasons, Gerald's counsel is at fault for failing to conduct discovery to support her *Monell* claim, and his cry of prejudice is contrary to his boast to defense counsel in February 2018 that he had "a treasure trove of docs supporting my Monell claim from other cases." [ECF No. 24-4, PageID.249].

**B.**

Gerald has also failed to show that a default is an allowable sanction under the court rules. She argues that defendants should be sanctioned

6

under Federal Rule of Civil Procedure 30(c)(2) because defendants refused to answer deposition questions, but Rule 30(d)(2) allows only "an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent."

Gerald also relies on Federal Rule of Civil Procedure 37(c), which permits sanctions when a party failed to make disclosures under Rule 26(a); and Rule 37(d), which permits sanctions when a party fails to appear at his own deposition. Defendants did violate Rule 26(a) by failing to identify Fox and produce the DOA in their initial disclosures. And the parties agree that they had difficulty scheduling a deposition for Hurd, although they informed the Court at the hearing that Hurd was deposed after the filing of Gerald's motion for sanctions.

An available sanction for violations for Rule 37(c) and (d) is a default judgment against the disobedient party. Rule 37(b)(A)(vi); Rule 37(c)(1)(C); Rule 37(d)(3). But "[j]udgment by default is a drastic step which should be resorted to only in the most extreme cases," *Stooksbury v. Ross*, 528 F. App'x 547, 552 (6th Cir. 2013) (citations and internal quotation marks omitted). Before imposing a default, the Court must consider:

7

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed or defaulted party was warned that failure to cooperate could lead to dismissal or entry of default judgment; and (4) whether less drastic sanctions were imposed or considered before dismissal or default judgment was ordered.

*Peterson v. Payton*, No. 10-14403, 2012 WL 7018238, at *1 (E.D. Mich. Nov. 28, 2012), *adopted,* 2013 WL 489713 (E.D. Mich. Feb. 8, 2013).

Here, Gerald has failed to show that defendants' discovery violations were willful or in bad faith, that she was prejudiced, or that defendants had been warned that their conduct in discovery could lead to entry of default. Gerald does not address the fact that a less drastic measure—a stipulation to extend discovery and the discovery cutoff—was offered by defendants, but she did not respond. Under these circumstances, the extreme sanction of default is not warranted.

## IV. Conclusion

The Court recommends that Gerald's motion for sanction **[ECF No. 32]** be **DENIED.**

                                        s/Elizabeth A. Stafford
                                        ELIZABETH A. STAFFORD
Dated: July 20, 2018           United States Magistrate Judge

8

## **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in**

**length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 20, 2018.

                                       s/Marlena Williams
                                       MARLENA WILLIAMS
                                       Case Manager