UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIFFANY GERALD,

    Plaintiff,

v.

NICO HURD, ET AL.,

    Defendants.

                                 /

Case No. 17-12850

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

**ORDER ADOPTING REPORT AND RECOMMENDATION [42]; OVERRULING PLAINTIFF'S OBJECTIONS [43]; AND DENYING PLAINTIFF'S MOTION FOR SANCTIONS [32]**

On May 9, 2018, Plaintiff Tiffany Gerald, through counsel, filed a Motion to Default Defendants as a Sanction [32]. On July 20, 2018, the Magistrate Judge issued a Report & Recommendation [42] ("R&R") recommending that the Court deny Plaintiff's Motion. Plaintiff filed Objections to the R&R [43] on August 3, 2018.

For the reasons stated below, the Court **ADOPTS** the R&R [42]; **OVERRULES** Plaintiff's Objections [43]; and **DENIES** Plaintiff's Motion for Sanctions [32].

**FACTUAL BACKGROUND**

The Court adopts the facts of this case as set forth in the R&R:

In August 2017, Gerald filed a civil rights complaint arising out of a search of her home and the killing of her dog during the search. She alleges that Galloway lied in the search warrant affidavit, deeming the subsequent search of her home unlawful. Gerald accuses Galloway of

believing that he is permitted to kill dogs even if they pose no imminent threat. And she asserts that the City is liable for Galloway's actions under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). "This deliberate indifference and inaction by the City of Detroit is a direct and proximate cause of Defendant Galloway murdering Plaintiff's dog." Gerald's complaint continues, "Defendant City of Detroit does not have an adequate training program to train its officers when it is appropriate to kill dogs during a search of a home."

Originally, the discovery cutoff in this case was February 15, 2018, the discovery motion deadline was January 16, 2018, and the dispositive motion cutoff was March 15, 2018. Gerald did not serve defendants with discovery requests until January 26, 2018, three weeks before the discovery cutoff. Defendants objected to answering the discovery requests because they were served so late, but the Honorable Arthur J. Tarnow granted in part Gerald's motion to compel, and extended the discovery and dispositive motion cut-off dates by 45 days.

Defendants filed a motion for summary judgment on April 18, 2018.

[R&R at 2-3] (internal citations omitted).

On May 9, 2018, Plaintiff filed this Motion to Default Defendants as a Sanction [32] claiming that Defendants City of Detroit, Nico Hurd, Samuel Pionessa, and Samuel Galloway committed discovery violations, and the only appropriate remedy is entry of default. Defendants filed a Response [34] on May 10, 2018. The Court referred the Motion to the Magistrate Judge on May 18, 2018.

The Magistrate Judge held a hearing on July 19, 2018. On July 20, 2018, the Magistrate Judge issued an R&R [42] recommending that the Court deny Plaintiff's Motion. Plaintiff filed Objections [43] on August 3, 2018. Defendants filed a Response [45] on August 6, 2018.

## STANDARD OF REVIEW

The Court reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, the Court need not conduct *de novo* review where the objections are "[f]rivolous, conclusive or general." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (internal citation omitted). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Civ. P. 72(b)(3).

## ANALYSIS

### I. Report & Recommendation [42]

The R&R recommends that the Court deny Plaintiff's Motion for Sanctions [32]. Although the Magistrate Judge agreed with Plaintiff that Defendants had committed discovery violations, she nevertheless found that the extreme sanction of default – the sole form of relief Plaintiff requests – was unwarranted. The R&R explained that Plaintiff failed to show that Defendants acted in bad faith or had been warned that their conduct could result in default. More importantly, the R&R found that Plaintiff could not show that she suffered prejudice as a result of the alleged violations, especially in light of the fact that she declined to respond to Defendants' offer to remedy these violations via a stipulation to extend discovery.

### II. Plaintiff's Objections

While Plaintiff objects to the R&R on eight grounds, much of her brief consists of paragraphs cut-and-pasted from her original motion. Plaintiff inappropriately

rehashes many of the arguments she previously set forth in her petition. *See Senneff v. Colvin*, No. 15-13667, 2017 WL 710651, at *2 (E.D. Mich. Feb. 23, 2017). But Plaintiff may not "merely reiterate[] arguments made to the Magistrate Judge," as this "defeats the purpose and efficiency of the Federal Magistrate's Act[.]" *Heath v. Comm'r of Soc. Sec.*, 2018 WL 1559768, at *1-2 (W.D. Mich. Mar. 31, 2018) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

Considering Plaintiff's objections nonetheless, the Court finds them without merit. In Objections #1 and #6, Plaintiff objects on the grounds that the Magistrate Judge overlooked some of Defendants' discovery violations, including Defendants' failure to produce the Controlled Purchase Voucher and refusal to answer deposition questions.

With respect to the Voucher, the Court notes, as an initial matter, that Plaintiff did not mention anything about it at the hearing. If disclosure of the Voucher were as crucial to her argument for default as Plaintiff makes it out to be, she could have said so on the record. Moreover, Plaintiff fails to even argue that Defendants willfully withheld the Voucher or that she was somehow prejudiced by the alleged withholding.

According to Defendants, they have not turned over the Voucher because they have been "unable to obtain [it.]" [Dkt. #45 at 4]. Although the Court does not condone Defendants' behavior of making of excuses to evade disclosure of discovery, their conduct does not justify the entry of default, "which should be resorted to only in

the most extreme cases[.]" *Stooksbury v. Ross*, 528 F. App'x 547, 552 (6th Cir. 2013) (internal citation and quotation marks omitted).

With respect to the deposition questions, the R&R plainly shows that the Magistrate Judge considered these discovery violations. The R&R properly concluded that default was unwarranted, given the fact that Defendants offered Plaintiff the opportunity to re-depose Defendants on the hypothetical scenarios at issue. [Dkt. #34, Ex. L].

In Objections #2 and #8, Plaintiff objects to the R&R's recommendation to deny the Motion in its entirety. The Court is unsympathetic to this argument. Plaintiff made abundantly clear at the hearing that the only sanction she seeks is the entry of default against Defendants. Hr'g Tr. 3:25; 4:1-3 (Aug. 6, 2018). Plaintiff is not entitled to relief she chose not to ask for.

Finally, the Court construes Objections #3, #4, #5, and #7 as objecting on the grounds that the Magistrate Judge erred in weighing the evidence. But the record shows that the Magistrate Judge thoroughly considered the exhibits and testimony presented to the Court in recommending denial of Plaintiff's Motion. Even if Plaintiff were to succeed on her claim that the Magistrate Judge erred in affording undue weight to certain pieces of evidence, any error would be harmless. *See Dorch v. Crittenden*, No. 09-13936, 2010 WL 5390175, at *2 (E.D. Mich. Dec. 22, 2010). None of these objections undermines the conclusion that the circumstances do not

warrant the drastic sanction of judgment by default. Plaintiff's objections are overruled.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that the R&R [42] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objections [43] are **OVERRULED**.

**IS IT FURTHER ORDERED** that Plaintiff's Motion to Default Defendants as a Sanction [32] is **DENIED**.

**SO ORDERED**.

                                              s/Arthur J. Tarnow
                                              Arthur J. Tarnow
Dated: September 6, 2018         Senior United States District Judge